FILED'07 NOV 19 12:30 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOAQUIN SIERRA,

        Plaintiff,

    v.

SHERIFF RAUL RAMIREZ, et al.,

        Defendants.

No. CV 07-75-CL

ORDER

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke issued Findings and Recommendation and the matter is now before me. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed objections. I review the Findings and Recommendation de novo. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981). I decline to adopt the Findings and Recommendation, and deny defendants' motion to dismiss.

/ / / /

/ / / /

1 - ORDER

## BACKGROUND

Plaintiff is an inmate at the Snake River Correctional Institution (Snake River). His complaint alleges that defendant Deputy Ron Cereghino, acting under orders from defendant Sheriff Raul Ramirez, shot plaintiff during an arrest on January 14, 2005, causing plaintiff to be permanently paralyzed from the waist down. Plaintiff brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights.

Plaintiff states by declaration that he placed the original complaint in the Snake River mail processing center on January 12, 2007, for shipment to this court. That day, plaintiff signed a request for withdrawal of funds to pay for an envelope and postage. Pltf.'s Dec., Ex. 1. A document labeled "Legal Out List" states that on January 16, 2007, Snake River mailed an item to this court from plaintiff. Id., Ex. 2. The complaint was docketed and filed by this court on January 18, 2007.

## DISCUSSION

The issue is whether the "mail box" rule applies to the filing of plaintiff's complaint. Under the mail box rule, a legal document is deemed filed on the day that the inmate delivers the document to prison authorities for mailing to a court. See, e.g., Fed. R. App. P. 4(c) (governing notices of appeal filed by inmates).

If the mail box rule applies here, the date of filing is January 12, 2007, the day plaintiff delivered his complaint to prison officials for mailing to this court. If the mail box rule does not apply, the date of filing is January 18, 2007, the day

this court docketed and filed the complaint.  I conclude that the
mail box rule applies to complaints under 42 U.S.C. § 1983, and
that plaintiff's complaint was therefore timely filed.[1]

The Supreme Court established the mail box rule in <u>Houston v.
Lack</u>, 487 U.S. 266, 270 (1988), which concerned a pro se inmate's
notice of appeal from the denial of a habeas petition under 28
U.S.C. § 2254.  The Court held that because an inmate has no
control over legal documents after submitting them to prison
authorities for mailing, a document should be deemed filed on the
day that the inmate delivers it to prison authorities for mailing.
<u>Id.</u>  The <u>Houston</u> Court emphasized that unlike other litigants, pro
se inmates cannot "monitor the processing of their notices of
appeal," or go to the courthouse themselves to ensure that
documents are timely filed.  <u>Id.</u> at 270-71.  Inmates instead must
entrust documents to prison officials "whom [they] cannot control
or supervise and who may have every incentive to delay." <u>Id.</u> at
271.

The Ninth Circuit has applied the mail box rule in a variety
of circumstances.  <u>See, e.g.</u>, <u>Hostler v. Groves</u>, 912 F.2d 1158,
1161 (9th Cir. 1990) ("Given the broad language of <u>Houston</u> and its
important policy concerns, we conclude that <u>Houston</u> applies to
notices of appeal filed in non-habeas civil cases by incarcerated
prisoners acting <u>pro se</u>."); <u>Ellis v. City of San Diego</u>, 176 F.3d
1183, 1188 (9th Cir. 1999) (notice of appeal from dismissal of

---

[1]    There is no dispute that the statute of limitations
period here is two years; that the statute began to run on
January 14, 2005; and that for statute of limitations purposes,
this action commenced on the date of filing.

civil rights complaint).  However, the Ninth Circuit has not
addressed the precise issue here in a published decision.  <u>Cf.</u>
<u>Irvin v. Khoury</u>, 103 F.3d 138, 1996 WL 711481 (9th Cir. 1996)
(unpublished) (applying mail box rule to filing of amended
complaint under § 1983).  Almost every other circuit has applied
the mail box rule to the filing of civil rights complaints under
§ 1983 by pro se inmates.[2]

     The Findings and Recommendation distinguish Ninth Circuit
decisions applying the mail box rule, noting that while plaintiff
here had two years from the date of his injury in which to file a
§ 1983 complaint, the deadlines at issue in the published Ninth
Circuit decisions were one year or less.  This distinction
overlooks the fundamental policy behind the mail box rule, which
is to address "the inherent disadvantage suffered by pro se
prisoners in their ability to monitor the course of their
litigation.  <u>This applies regardless of the length of the</u>
<u>limitation period</u>." <u>Sulik v. Taney County</u>, 316 F.3d 813, 815 (8th
Cir. 2003) (emphasis added) (mail box rule applies to filing of
§ 1983 complaint subject to five-year statute of limitations)

_____

     [2] <u>Casanova v. Dubois</u>, 304 F.3d 75, 79 (1st Cir. 2002)
(applying mail box rule to § 1983 complaints); <u>Dory v. Ryan</u>, 999
F.2d 679, 682 (2d Cir. 1993) (same), <u>modified on other grounds on</u>
<u>reh'g</u>, 25 F.3d 81 (2d Cir. 1994); <u>Lewis v. Richmond City Police</u>
<u>Dep't</u>, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam) (same);
<u>Cooper v. Brookshire</u>, 70 F.3d 377, 380 (5th Cir. 1995) (same);
<u>Richard v. Ray</u>, 290 F.3d 810, 813 (6th Cir. 2002) (per curiam)
(medical malpractice complaint); <u>Sulik v. Taney County</u>, 316 F.3d
813, 815 (8th Cir. 2003) (§ 1983); <u>Price v. Philpot</u>, 420 F.3d
1158, 1164 (10th Cir. 2005) (same); <u>Garvey v. Vaughn</u>, 993 F.2d
776, 783 (11th Cir. 1993) (§ 1983 & Federal Tort Claims Act); <u>see</u>
<u>also</u> <u>Edwards v. United States</u>, 266 F.3d 756, 758 (7th Cir. 2001)
(per curiam) (motions under Fed. R. Civ. P. 59(e)).  The mail box
rule is codified for notices of appeal in Fed. R. App. P. 4(c).

(citing <u>Lewis v. Richmond City Police Dep't</u>, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 380-81 (5th Cir. 1995)).  I see no reason why the mail box rule should apply to a notice of appeal from the dismissal of a complaint under § 1983, <u>see</u> <u>Ellis</u>, 176 F.3d at 1188, but not apply to the complaint itself.

### CONCLUSION

The Findings and Recommendation (#13) are not adopted. Defendants' motion to dismiss (#8) is denied.

IT IS SO ORDERED.

DATED this ___19___ day of November, 2007.


OWEN M. PANNER
U.S. DISTRICT JUDGE